■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO BLAKELY, Also Known as ALFRADO BLAKELY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 17, 1978, convicting him of attempted criminal possession of a weapon in the third degree, upon a plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress physical evidence. Judgment affirmed and case remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). On January 12, 1977, at approximately 12:30 A.M., Police Officer Robert West and his partner were in an unmarked police department automobile stopped for a red light at 39th Street and Queens Boulevard, in Queens, New York. He was approached by a man who told him that the occupants of a gold station wagon a few blocks ahead on Queens Boulevard were armed. The man gave Officer West the license plate number of the vehicle and a description of the three occupants, which included what they were wearing and that they were Hispanic. He refused to identify himself. Officer West observed the vehicle, which was gold in color when seen under light, but otherwise appeared to be green in color. He knew from radio transmissions that there had been several street robberies in the past two weeks involving a green station wagon and three armed male Hispanics. He testified that he believed there was a possibility the occupants of the vehicle were "the suspects". Officer West and his partner followed the vehicle for approximately 20 minutes. As it passed an open A & P supermarket, it slowed down and one of the occupants in the rear seat looked toward the A & P, and as it passed several bars it slowed down and the occupants looked toward the bars. The police officers decided to stop the vehicle. When the opportunity arose, they pulled the vehicle over. Officer West exited his car with his gun drawn and ordered defendant, who was sitting in the front passenger seat, and a passenger sitting directly behind him, "to place their hands on the dashboard in the rear seat." A search of defendant revealed a .22 caliber revolver in a shoulder holster. A further search of defendant at the station house uncovered some gambling slips. Criminal Term denied defendant's motion to suppress the evidence seized. "In evaluating the police action we must consider whether or not it was

justified in its inception and whether or not it was reasonably related in scope to the circumstances which rendered its initiation permissible * * * Where a police officer entertains a reasonable suspicion that a particular person has committed, is committing or is about to commit a felony or misdemeanor, the CPL authorizes a forcible stop and detention of that person [citations omitted]" *(People v De Bour,* 40 NY2d 210, 222-223). "Reasonable suspicion is the quantum of knowledge sufficient to induce an ordinarily prudent and cautious man under the circumstances to believe criminal activity is at hand [citations omitted]" *(People v Cantor,* 36 NY2d 106, 112-113). Upon this record it is clear that when the police officer approached defendant with his gun drawn, defendant was subjected to a forcible stop. It is true that the circumstances present here, considered individually, may not have justified such aggressive police action, although police inquiry certainly would have been proper. The circumstances we refer to are the tip given Officer West by an unidentified informer, his observations of the occupants of the vehicle looking at the A & P and the bars, and his knowledge of recent robberies involving a green station wagon and three male Hispanics (cf. *People v Sobotker,* 43 NY2d 559; *People v La Pene,* 40 NY2d 210). However, considering these circumstances in their totality, as we must, we reach the conclusion that the police action taken was justified. It cannot be said that the police did not have reasonable suspicion to believe criminal activity was at hand. Accordingly, the conviction must be affirmed. Martuscello, J. P., Latham, Rabin and Hawkins, JJ., concur.